1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL AVILA,                              No.  2:13-cv-01081-MCE-CMK

12              Plaintiff,

13        v.                                    PRETRIAL SCHEDULING ORDER

14   LOWE'S HOME IMPROVEMENT
     WAREHOUSE, INC., et al.,
15
                Defendants.
16

17

18        After reviewing the parties' Joint Status Report, the Court makes the following

19   Pretrial Scheduling Order.

20   I.    SERVICE OF PROCESS

21        All named Defendants have been served and no further service is permitted

22   without leave of court, good cause having been shown.

23   II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

24        No joinder of parties or amendments to pleadings is permitted without leave of

25   court, good cause having been shown.

26   III.  JURISDICTION/VENUE

27        Jurisdiction is predicated upon 28 U.S.C. § 1332(a).  Jurisdiction and venue are

28   not contested.

1     IV.     DISCOVERY

2          All discovery, with the exception of expert discovery, shall be completed by

3     **June 20, 2014.**  In this context, "completed" means that all discovery shall have been

4     conducted so that all depositions have been taken and any disputes relative to discovery

5     shall have been resolved by appropriate order if necessary and, where discovery has

6     been ordered, the order has been obeyed.  All motions to compel discovery must be

7     noticed on the magistrate judge's calendar in accordance with the local rules of this

8     Court.

9     V.      DISCLOSURE OF EXPERT WITNESSES

10         All counsel are to designate in writing, file with the Court, and serve upon all other

11    parties the name, address, and area of expertise of each expert that they propose to

12    tender at trial not later than **August 20, 2014**.[1]  The designation shall be accompanied

13    by a written report prepared and signed by the witness.  The report shall comply with

14    Fed. R. Civ. P. 26(a)(2)(B).

15         Within twenty (20) days after the designation of expert witnesses, any party may

16    designate a supplemental list of expert witnesses who will express an opinion on a

17    subject covered by an expert designated by an adverse party.  The right to designate a

18    supplemental expert for rebuttal purposes only shall apply to a party who has not

19    previously disclosed an expert witness on the date set for expert witness disclosure by

20    this Pretrial Scheduling Order.

21         Failure of a party to comply with the disclosure schedule as set forth above in all

22    likelihood will preclude that party from calling the expert witness at the time of trial.

23    ///

24    ///

25    ///

26

27         [1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow
      Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999)
28    are anticipated.

                                                    2

1    An expert witness not appearing on the designation will not be permitted to testify unless

2    the party offering the witness demonstrates: (a) that the necessity for the witness could

3    not have been reasonably anticipated at the time the list was proffered; (b) that the Court

4    and opposing counsel were promptly notified upon discovery of the witness; and (c) that

5    the witness was promptly made available for deposition.

6           For purposes of this Pretrial Scheduling Order, an "expert" is any person who may

7    be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules

8    of Evidence, which include both "percipient experts" (persons who, because of their

9    expertise, have rendered expert opinions in the normal course of their work duties or

10   observations pertinent to the issues in the case) and "retained experts" (persons

11   specifically designated by a party to be a testifying expert for the purposes of litigation).

12          Each party shall identify whether a disclosed expert is percipient, retained, or

13   both.  It will be assumed that a party designating a retained expert has acquired the

14   express permission of the witness to be so listed.  Parties designating percipient experts

15   must state in the designation who is responsible for arranging the deposition of such

16   persons.

17          All experts designated are to be fully prepared at the time of designation to render

18   an informed opinion, and give their bases for their opinion, so that they will be able to

19   give full and complete testimony at any deposition taken by the opposing party.  Experts

20   will not be permitted to testify at the trial as to any information gathered or evaluated, or

21   opinion formed, after deposition taken subsequent to designation.

22          Counsel are instructed to complete all discovery of expert witnesses in a timely

23   manner in order to comply with the Court's deadline for filing dispositive motions.

24   ///

25   ///

26   ///

27   ///

28   ///

1   VI.    MOTION HEARING SCHEDULE

2          The last day to hear dispositive motions shall be **December 18, 2014.**  The

3   parties shall comply with the following filing deadlines:

4          Dispositive motion              filed at least 8 weeks prior to hearing

5
           Opposition and any             filed at least 5 weeks prior to hearing
6          cross-motion

7          Reply and opposition to        filed at least 3 weeks prior to hearing
           cross-motion
8
9          Reply to cross-motion          filed at least 1 week prior to hearing

10

11         The parties are directed to the Court's website for available hearing dates.

12  (www.caed.uscourts.gov → choose Judges → choose Judge England → choose

13  Standard Information)

14         All purely legal issues are to be resolved by timely pretrial motions.  Failure to

15  comply with Local Rules 230 and 260, as modified by this Order, may be deemed

16  consent to the motion and the Court may dispose of the motion summarily.  Further,

17  failure to timely oppose a summary judgment motion[2] may result in the granting of that

18  motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine

19  issue of material fact remains for trial.

20         The Court places a page limit for points and authorities (exclusive of exhibits and

21  other supporting documentation) of twenty (20) pages on all initial moving papers, twenty

22  (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit

23  increases must be made in writing to the Court setting forth any and all reasons for any

24  increase in page limit at least fourteen (14) days prior to the filing of the motion.

25         For the Court's convenience, citations to Supreme Court cases should include

26  parallel citations to the Supreme Court Reporter.

27  _____

28      [2] The Court urges any party that contemplates bringing a motion for summary judgment or who
    must oppose a motion for summary judgment to review Local Rule 260.

4

1      The parties are reminded that a motion in limine is a pretrial procedural device

2  designed to address the admissibility of evidence.  The Court will look with disfavor upon

3  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of

4  motions in limine.

5      The parties are cautioned that failure to raise a dispositive legal issue that could

6  have been tendered to the court by proper pretrial motion prior to the dispositive motion

7  cut-off date may constitute waiver of such issue.

8  VII.      FINAL PRETRIAL CONFERENCE

9      The Final Pretrial Conference is set for **February 19, 2015, at 2:00 p.m.**  At least

10  one of the attorneys who will conduct the trial for each of the parties shall attend the

11  Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a

12  trial attorney is unable to attend, the attorney who attends in place of the trial attorney

13  shall have equal familiarity with the case and equal authorization to make commitments

14  on behalf of the client.

15      Counsel for all parties are to be fully prepared for trial at the time of the Final

16  Pretrial Conference, with no matters remaining to be accomplished except production of

17  witnesses for oral testimony.

18      The parties shall file, not later than **January 29, 2015**, a Joint Final Pretrial

19  Conference Statement.  The provisions of Local Rules 281 shall apply with respect to

20  the matters to be included in the Joint Final Pretrial Conference Statement.  In addition

21  to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a

22  plain, concise statement that identifies every non-discovery motion tendered to the Court

23  and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial

24  Scheduling Order, may be grounds for sanctions.

25      At the time of filing the Joint Final Pretrial Conference Statement, counsel shall

26  also electronically mail to the Court in digital format compatible with Microsoft Word, the

27  Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit

28  lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

5

1    The parties should identify first the core undisputed facts relevant to all claims.

2  The parties should then, in a concise manner, identify those undisputed core facts that

3  are relevant to each claim.  The disputed facts should be identified in the same manner.

4  Where the parties are unable to agree as to what disputed facts are properly before the

5  Court for trial, they should nevertheless list all disputed facts asserted by each party.

6  Each disputed fact or undisputed fact should be separately numbered or lettered.

7    Each party shall identify and concisely list each disputed evidentiary issue which

8  will be the subject of a motion in limine.

9    Each party shall identify the points of law which concisely describe the legal

10  issues of the trial which will be discussed in the parties' respective trial briefs.  Points of

11  law should reflect issues derived from the core undisputed and disputed facts.  Parties

12  shall not include argument or authorities with any point of law.

13    The parties are reminded that pursuant to Local Rule 281 they are required to list

14  in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose

15  to offer at trial.  After the name of each witness, each party shall provide a brief

16  statement of the nature of the testimony to be proffered.  The parties may file a joint list

17  or each party may file separate lists.  These list(s) shall not be contained in the body of

18  the Joint Final Pretrial Conference Statement itself, but shall be attached as separate

19  documents to be used as addenda to the Final Pretrial Order.

20    Plaintiff exhibits shall be listed numerically.  Defendants' exhibits shall be listed

21  alphabetically.  The parties shall use the standard exhibit stickers provided by the Court

22  Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is

23  exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters,

24  note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All

25  multi-page exhibits shall be stapled or otherwise fastened together and each page within

26  the exhibit shall be numbered.  All photographs shall be marked individually.  The list of

27  exhibits shall not include excerpts of depositions, which may be used to impeach

28  witnesses.

1    In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit

2    shall be referred to by the designation the exhibit is first identified.  The Court cautions

3    the parties to pay attention to this detail so that all concerned will not be confused by one

4    exhibit being identified with both a number and a letter.

5          The Final Pretrial Order will contain a stringent standard for the offering at trial of

6    witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned

7    that the standard will be strictly applied.  On the other hand, the listing of exhibits or

8    witnesses that a party does not intend to offer will be viewed as an abuse of the Court's

9    processes.

10          The parties also are reminded that pursuant to Rule 16 of the Federal Rules of

11   Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in:

12   (a) the formulation and simplification of issues and the elimination of frivolous claims or

13   defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance

14   of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the

15   Joint Final Pretrial Conference Statement and participate in good faith at the Final

16   Pretrial Conference with these aims in mind.  A failure to do so may result in the

17   imposition of sanctions which may include monetary sanctions, orders precluding proof,

18   elimination of claims or defenses, or such other sanctions as the Court deems

19   appropriate.

20   VIII.   TRIAL BRIEFS

21          The parties shall file trial briefs not later than **February 5, 2015**.  Counsel are

22   directed to Local Rule 285 regarding the content of trial briefs.

23   IX.    EVIDENTIARY AND/OR PROCEDURAL MOTIONS

24          Any evidentiary or procedural motions are to be filed by **January 29, 2015.**

25   Oppositions must be filed by **February 5, 2015,** and any reply must be filed by

26   **February 12, 2015.**  The motions will be heard by the Court at the same time as the

27   Final Pretrial Conference.

28   ///

1    X.    TRIAL SETTING

2        The trial is set for **April 20, 2015, at 9:00 a.m**.  Trial will be a bench trial.  The

3    parties estimate a trial length of **five (5) days**.

4        The Court orders the issues of general and punitive damages to be bifurcated at

5    the time of trial.

6    XI.    SETTLEMENT CONFERENCE

7        A Settlement Conference is set before Chief Judge Morrison C. England, Jr. on

8    **October 25, 2013, at 10:00 a.m.**  The parties waive any disqualification and stipulate to

9    the trial judge presiding over the settlement conference.

10        Each party is directed to have a principal capable of disposition at the Settlement

11    Conference or to be fully authorized to settle the matter on any terms at the Settlement

12    Conference.

13        Each party is directed to submit to the chambers of Judge England confidential

14    settlement conference statements not later than **October 18, 2013.**  Such statements

15    are neither to be filed with the clerk nor served on opposing counsel.  However, each

16    party shall notify the other party that the statement has been submitted to the judge's

17    chambers.

18    XII.    VOLUNTARY DISPUTE RESOLUTION PROGRAM

19        Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed

20    order requesting referral to the Voluntary Dispute Resolution Program.

21    XIII.    MODIFICATION OF PRETRIAL SCHEDULING ORDER

22        The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

23    Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court

24    upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone

25    to modify the Pretrial Scheduling Order does not constitute good cause.  Except in

26    extraordinary circumstances, unavailability of witnesses or counsel will not constitute

27    good cause.

28    ///

XIV.    OBJECTIONS TO PRETRIAL SCHEDULING ORDER

      This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) court days of service of this Order.

      IT IS SO ORDERED.

Dated:  August 30, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT